## O'Sullivan v. Ruszecki

Before Watson and E. Ross, JJ.

*Susan H. Wilkie,* for plaintiffs.
*Bruce R. Martin,* for defendant.

ROSS, *J.,* June 9, 1977—This matter is before the court on preliminary objections of defendant, Albert Ruszecki, filed to an amended complaint of plaintiffs, James O'Sullivan and Helen O'Sullivan. This complaint arose from an incident wherein plaintiff, Helen O'Sullivan, a pedestrian, was allegedly struck and injured by a motor vehicle op-

erated by defendant. Plaintiffs alleged that the wife-plaintiff's injuries may result in expenses of $750, exclusive of diagnostic, x-ray or rehabilitation costs over $100.

Defendant's preliminary objections are in the nature of a demurrer, a motion to strike and a motion for more specific complaint. It is argued that plaintiffs must allege absolutely that the wife's injuries are in excess of $750.

Since this incident allegedly arose on June 8, 1976, it is governed by the Pennsylvania No-Fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, sec. 101 et seq., 40 P.S. §1009.101 et seq.

Defendant raises three separate issues by the preliminary objections:

(1) In order to pursue a tort action under the No-Fault Act, must a plaintiff allege that damages are in excess of $750?

(2) May a plaintiff, where damages are in excess of $750, file suit for medical expenses under the No-Fault Act?

(3) Must a plaintiff allege, under the No-Fault Act, all medical damages with specificity?

Section 301(a) of the No-Fault Act of July 19, 1974, supra, 40 P.S. §1009.301(a), abolishes tort liability with respect to any injury that takes place in Pennsylvania if the injury arises out of the maintenance or use of a motor vehicle. The abolition of tort liability, however, is not without exceptions. These exceptions are outlined in section 301(a), 40 P.S. §1009.301(a), which states:

''(a) Partial abolition. — Tort liability is abolished with respect to any injury that takes place in this State in accordance with provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that:

"(1) An owner of a motor vehicle involved in an accident remains liable if, at the time of the accident, the vehicle was not a secured vehicle.

"(2) A person in the business of designing, manufacturing, repairing, servicing, or otherwise maintaining motor vehicles remains liable for injury arising out of a defect in such motor vehicle which is caused or not corrected by an act or omission in the course of such business, other than a defect in a motor vehicle which is operated by such business.

"(3) An individual remains liable for intentionally injuring himself or another individual.

"(4) A person remains liable for loss which is not compensated because of any limitation in accordance with section 202(a), (b), (c) or (d) of this act. A person is not liable for loss which is not compensated because of limitations in accordance with subsection (c) of section 202 of this act.

"(5) A person remains liable for damages for non-economic detriment if the accident results in:

"(A) death or serious and permanent injury; or

"(B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750). For purposes of this subclause, the reasonable value of hospital room and board shall be the amount determined by the Department of Health to be the average daily rate charged for a semi-private hospital room and board computed from such charges by all hospitals in the Commonwealth; or

"(C) medically determinable physical or mental impairment which prevents the victim from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities and which continues for more than sixty consecutive days; or

"(D) injury which in whole or in part consists of cosmetic disfigurement which is permanent, irreparable and severe.

"(6) A person remains liable for injury arising out of a motorcycle accident to the extent that such injury is not covered by basic loss benefits payable under this act, as described in section 103."

In paragraphs 6, 7 and 8 of plaintiff's amended complaint, it is alleged that plaintiff Helen O'Sullivan has suffered or may suffer injuries or impairments of the types set forth in several of the exceptions noted above. It is also set out in the amended complaint that plaintiff Helen O'Sullivan has, or may have, suffered medical expenses in excess of $750.

In his preliminary objections, defendant takes issue with the form of plaintiffs' complaint and asserts the words "may have" fail to state a cause of action.

The Pennsylvania Supreme Court held in Singer v. Sheppard, 464 Pa. 387, 346 A.2d 897 (1975), that the No-Fault Act is constitutional. In so doing, the court recognized the legislature's authority to divide tort liability into two classes of victims, those whose medical damages are under $750 and those whose medical damages are in excess of $750.

This court is now asked to interpret the meaning of the exceptions as they are required to be alleged in a plaintiff's complaint. Must a plaintiff specif-

ically allege that the exception, in this case the $750 threshold amount, has, in fact, been met in order to state a cause of action?

One of the underlying purposes of the No-Fault Act was certainly to ensure that claims for minor damages would not enter the court system. In ascertaining what minor damages would be, the legislature chose a dollar and cents figure of $750. In order to pursue a common-law tort remedy, a plaintiff must fall within one of the exceptions to section 301(a), supra, and for example, incur expenses in excess of $750. However, the court does not interpret the No-Fault Act to require the $750 amount to be absolutely averred in order appropriately to state a cause of action. It is sufficient to allege with reasonable certainty that medical expenses will be in the threshold amount.

Any other approach would be devoid of practicality. Many instances can be envisioned in which the threshold $750 might not be met until a plaintiff's statute of limitations had run. The same is true for other exceptions. At the outset of plaintiff's treatment, a doctor may be unable to ascertain that an injury is of a permanent nature, or an injury may appear to be healing and a plaintiff might suffer a relapse. If a plaintiff is prohibited from filing suit, the statute runs and, although an exception is met, a plaintiff is left with no remedy for a situation totally out of plaintiff's control.

Recognizing the intention of the legislature and also recognizing the already limited tort liability for plaintiffs that the statute mandates, the court is of the opinion that to require each exception to be alleged as an *absolute* fact would even more severely limit a plaintiff's access in the court. On the other hand, if a plaintiff can allege with rea-

sonable certainty that an exception has been met, it gives a plaintiff a right to initiate legal process. This in no way violates the act for if, through discovery or at some later stage, it is determined that an exception has not been met, a defendant has ample opportunity to halt litigation. It will be argued that all plaintiffs can allege with reasonable certainty that an exception will be met; however, this danger exists even if the court were to require a plaintiff to allege in fact the exception has occurred. It is relatively simple to allege conditions or damages; the real question is the ability to prove allegations at a later stage.

It must also be noted that even were it held that reasonable certainty was not a sufficient allegation, a plaintiff could file an amended complaint to meet the court's requirement. Recognizing the practical implications thereof, the court finds that plaintiffs' complaint is sufficient to state a cause of action. (The court does not take into account that in their memorandum of counsel plaintiffs assert that the threshold has, in fact, already been met.)

Defendant also argues that plaintiffs under the No-Fault Act, are prohibited from suing for medical expenses. The court views this as an improper interpretation of the act. Section 301(a) of the Act of July 19, 1974, supra, 40 P.S. §1009.301(a), acts as a partial abolition of tort liability. This abolition occurs in the absence of one of several exceptions. This is an issue of first impression. The better view would seem to hold that once an exception has been met tort liability comes into existence and plaintiff is entitled to pursue his former common-law remedy in full, including the payment of medical expenses. This would be especially true in in-

stances such as the one before the court where plaintiff Helen O'Sullivan was a pedestrian when injured and not a driver or occupant of another motor vehicle. The No-Fault Act first abolishes tort liability except in the cases of various exceptions. The exception gives effect to those instances in which an alleged wrongdoer will still be open to liability in the most severe circumstances. Plaintiffs are then entitled to request medical damages as well as non-economic losses.

Finally, defendant has requested the court to order a more specific complaint. In requesting such, defendant relies on Pa. R.C.P. 1019(f) which requires specific pleading as to special damages. However, Pa. R.C.P. 1019(f) governs actions in assumpsit. The present action was filed in trespass and is governed by Pa. R.C.P. 1044 which provides that unliquidated damages should be alleged in a manner indicating whether or not they are in excess of $10,000. Since medical treatment is ongoing and the damages in this case are unliquidated, Pa. R.C.P. 1044 applies. Plaintiffs have conformed to the rule in their request for relief.

For the reasons stated herein, defendant's preliminary objections are dismissed.

## ORDER

And now, June 9, 1977, after argument on the preliminary objections of defendant, Albert Ruszecki, filed to the amended complaint of plaintiffs, James O'Sullivan and Helen O'Sullivan, and after consideration of the oral and written argument of counsel, it is hereby ordered, adjudged and decreed that defendant's preliminary objections in the nature of a demurrer, motion to strike and motion for a more specific complaint are hereby denied.